IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ASEM FAROOQ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00629-O-BP |
| | § | |
| CODY COFER & | § | |
| JAMES LUSTER LAW FIRM, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Amended Complaint filed by Plaintiff Asem Farooq ("Farooq") on July 14, 2024. ECF No. 8. This case was referred to the undersigned pursuant to Special Order No. 3-251 on July 8, 2024. ECF No. 2. Farooq proceeds *pro se* and *in forma pauperis*. ECF Nos. 6 and 8. Because it does not appear that the Court has subject-matter jurisdiction over this case, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the case **without prejudice** for lack of subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their

own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Likewise, "subject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919.

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331-1332. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject-matter jurisdiction should be without prejudice because it "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

Plaintiff's Amended Complaint does not state facts that demonstrate the Court's diversity jurisdiction because it does not allege diversity of citizenship between the Plaintiff and Defendant law firm. The Complaint and Amended Complaint form list a Fort Worth, Texas address for the Plaintiff, and it is likely that he is a Texas citizen. ECF Nos. 1 and 8. Although the Plaintiff's pleadings do not provide an address for Defendant, lawyers in the firm represented Plaintiff in a

previous criminal case in the Court, and those attorneys and their firm have an address in Fort Worth, Texas according to the list of members of the bar of the Court maintained on the Court's website. *See* https://ecf-train.txnd.uscourts.gov/public/atystat/attystatus.cfm?view# (last accessed on August 27, 2024). If Plaintiff and Defendant are citizens of Texas, there is no diversity of citizenship jurisdiction because the parties are citizens of the same state.

Plaintiff's Amended Complaint also does not state facts to demonstrate the Court's federal question jurisdiction because it does not implicate any matter of federal law. The Amended Complaint states that Defendant provided "ineffective counseling as defense attorney[]s," and asserts violations of both the Sixth and Fourteenth Amendments. However, to find a violation of either amendment, state action is required. *See* U.S. CONST. amend XIV, § 1, *Argersinger v. Hamlin*, 407 U.S. 25 (1972). A lawyer's representation of his client is not state action or undertaken under color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Thompson v. Aland*, 639 F. Supp. 724 (N.D. Tex. 1986).

Title 42 U.S.C. § 1983 "provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (quoting *Chapman v. Hous. Welfare Rights Org.*, 441 U.S. 600, 617 (1979). For the Court to have jurisdiction under § 1983, Defendant would have to act "under color of any statute… of any State." 42 U.S.C. § 1983. As counsel retained to represent Plaintiff, and as just noted, Defendant acted on behalf of the Plaintiff in previous criminal proceedings rather than on behalf of the United States or any state. Consequently, Plaintiff has no viable claim under § 1983 or the Sixth and Fourteenth Amendments against Defendant, or the lawyers who work for the firm, for actions they took while representing him.

3

Under these circumstances, subject-matter jurisdiction appears to be lacking under either 28 U.S.C. § 1331 or § 1332. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** to the right of Plaintiff to file it in the appropriate state court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on August 28, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4